## Robinson *versus* Edinboro Academy.

Under a contract of subscription for the purpose of erecting an academy, which provided for the organization when a certain sum was subscribed, and upon a specified notice, and which did not by its terms prevent an incorporation, the subscribers may, upon the vote of those present at a meeting, properly called, be organized as an incorporation, and chartered by the proper authority, and the subscribers will be bound thereby.

ERROR to the Court of Common Pleas of *Erie County.*

This was an action of assumpsit originating before a magistrate upon a contract of subscription, of which the following is a copy:—

"We the undersigned, citizens of Edinboro and vicinity, feeling the necessity of an institution of learning in our midst, affording greater advantages for education than common schools, do hereby agree to pay to E. W. Gerrish, Prentice Burlingham, Josiah J. Compton, Alfred Green, I. R. Taylor, Wm. Proud and Nelson Clute, trustees for the purpose, the sums severally sub-

scribed by each of us, for the purpose of erecting a building in the borough of Edinboro aforesaid, to be used as an academy or institution of learning; said trustees to act until the sum of three thousand dollars is subscribed for the purpose aforesaid, and when so subscribed, public notice to be given of that fact and of the time and place of organization of said stockholders, by choosing the necessary and usual officers to carry into effect the design of the subscribers.  No payments to be made until the sum of three thousand dollars bona fide subscription is made; and when paid, to be in 'quarterly yearly' payments."

This was signed by "A. Robinson," the defendant, and many others.  The facts are fully stated in 1 Wright, page 210.

*Gaylord Church* and *James C. Marshall,* for plaintiff in error, referred to *Witmer* v. *Schlatter,* 2 R. 364; *Lauman* v. *Lebanon Val. R.R. Co.,* 6 Casey, 46; *Claghorn* v. *Cullen,* 1 H. 133; Ang. & Am. on Corp. S. 537.  The same principles are adjudged in *Turnp. Co.* v. *Locke,* 8 Mass. 268; *Hart. & N. H. R. R. Co.* v. *Crosswell,* 5 Hill (N.Y.), 383; *Railroad Co.* v. *Harris,* 27 Miss. R. 517; *Hester* v. *Charleston R. R. Co.,* Phil. Leg. Int. Vol. 14, No. 18, p. 137; *Turnp. Co.* v. *Swan,* 10 Mass. 384; *Same* v. *Walker,* Ib. 390; *Reeve* v. *Boston Copper Co.,* 15 Pick. 351, and *Stevens* v. *Rut. & Burl. R. R. Co.,* 1 Am. L. R. 161—2, 3, 4.

*John H. Walker,* for defendants in error.

The opinion of the court was delivered at Philadelphia, Jan. 27, 1862, by

STRONG, J.—This is a very small case, and well illustrates the adage that the play is sometimes not worth the candle.  It was tried in precise conformity to the principles laid down in 1 Wright, 210, and we do not discover that any errors were committed.  The position of the plaintiff in error was that the benefit of his subscription could not enure to the corporation, without his direct and express assent to such a mode of organizing the original subscribers.  The contract itself, however, provided for an organization, at a meeting to be called after the subscription was full, and it did not exclude an organization with corporate powers.  The meeting called for the 5th of January, 1857, had the control of the matter, and that by the express assent of the plaintiff in error.  If the subscribers, then present, chose to effect their organization by acting through the incorporated body, the plaintiff in error was not injured, for he had, by his original contract, given to that meeting the power of determining what form should be adopted, and the purposes of the corporation were precisely such as the subscription proposed to carry out.  The court below rightly apprehended the

true principles which govern the case. If notice was given of a meeting of the subscribers, by a majority of the trustees, as they are called, and those present at the meeting concluded to act under the charter, the subscriptions belonged to the corporation, and a subsequent attempt to effect another organization was futile. This disposes of the case without noticing in detail the numerous assignments, in none of which do we discover error.

Judgment affirmed.